RECEIVED

JAN 1 9 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| RICHARD H. MANESS, D.D.S. | CIVIL ACTION NO. 06-1327 |
| VERSUS | JUDGE DOHERTY |
| ORTHODONTIC CENTERS OF AMERICA, INC. | MAGISTRATE JUDGE METHVIN |

## RULING ON MOTION TO TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

Pending before this Court is a Motion to Transfer Case to the United States District Court for the Eastern District of Louisiana [Doc. 21] filed by defendant, Orthodontic Centers of America Inc, (OCA), which argues this matter should be transferred because it involves disputes related to certain contracts that are deemed "core assets" of OCA, which is currently before the Bankruptcy Court where numerous other disputes related to the OCA bankruptcy are being resolved. In response, plaintiff, Richard H. Maness, D.D.S., filed an opposition, arguing the Motion to Transfer should be denied because the contracts were previously found null and void under Louisiana law.[1]

---

[1] The parties submitted attachments, including among other items: (1) an April 15, 2005 Reasons for Ruling by the State Court in the 15th Judicial District indicating certain agreements are null and void under Louisiana Law; (2) a July 20, 2006 transcript from the Bankruptcy Court indicating Hon. Jerry A. Brown would issue a Scheduling Order; (3) an August 10, 2006 Scheduling Order, indicating the bankruptcy Court "shall not re-adjudicate any final state or federal judgment holding particular agreements invalid under state law or has been judicially terminated;" and (4) a December 6, 2006 Order by the District Court in the Western District of Texas denying OCA's motion to transfer that matter to the Eastern District of Louisiana, *Turner v. OCA, Inc.*, et al., W.D.Tx. Civil Matter No. 05-00091.

A review of the pleadings submitted by the parties reveals a voluntary petition for bankruptcy was filed by OCA in the United States Bankruptcy Court in the Eastern District of Louisiana on March 14, 2006, *In re OCA, Inc., et al., Chapter 11*, Cause No. 06-10179(B). Pursuant to § 362 of the Bankruptcy Code, 11 U.S.C.A. § 362, the voluntary petition operates as an automatic stay with matters, arguably including this matter and arguably this Court, thus, is without jurisdiction. However, this Court has received no Notice of Automatic Stay from the Bankruptcy Court and thus cannot know the status of the automatic stay and whether the Bankruptcy Court has lifted or modified the Stay in any fashion that affects this matter.[2]

This Court notes that, on July 27, 2006, the Bankruptcy Court in *Turner v. OCA, Inc., et al.*, W.D.Tx. Civil Matter No. 05-00091., lifted the OCA automatic stay "**only** as to the legality" under Texas law of certain contracts which were the subject of matters pending in Texas at the time OCA filed bankruptcy. *See In Re OCA, supra.* [Cause No. 06-10179(B), Doc. Nos. 1262, 1281, 879, 651]. In this case, a ruling as to the legality of the contracts under Louisiana law was previously decided long before OCA filed bankruptcy. Consequently, based on the August 10, 2006 Bankruptcy Court Scheduling Order indicating the Bankruptcy Court shall not re-adjudicate any state or federal judgments holding particular agreements invalid under state law, this Court agrees with Dr. Maness that the lawfulness of the contracts need not be relitigated.

Nevertheless, this Court also notes that the parties to this matter previously asserted damages

---

[2] This Court notes the procedural history of the *Turner, supra,* matter in the Western District of Texas, namely: (1) a Notice of Automatic Stay was issued to the District Court in the Western District of Texas as a result of the OCA voluntary petition for bankruptcy; (2) consequently, the matter was administratively closed by the District Court without prejudice; (3) OCA filed a Motion to Transfer the matter to the Eastern District of Louisiana; (4) the Bankruptcy Court lifted the automatic stay upon petition by the plaintiffs; and (5) the District Court in the Western District of Texas concluded certain agreements were void under Texas law. See *Turner, supra.*

by way of reconventional demands in the original state proceeding. Apparently, same have not yet been resolved. Therefore, to the extent, if any, such claims for damages can be construed as "core proceedings" and to the extent, if any, the claims have merit in view of the previous finding that the underlying contracts are null and void under Louisiana law, this Court finds the presumption in favor of placing venue with the underlying bankruptcy case should prevail.

Consequently, in view of the previous determination that the contracts in this matter were null and void under Louisiana law, this Court finds the Bankruptcy Court, which will be considering numerous related matters on or about March 2, 2007, is in the best position to resolve the remaining issues, if any, these parties have.

Therefore, the Court GRANTS OCA's Motion to Transfer with the suggestion by this Court that the matter be IMMEDIATELY REFERRED to the BANKRUPTCY COURT in the Eastern District of Louisiana, where numerous other related matters are already set to be resolved on or about March 2, 2007.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___19___ day of January, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE